barn to the house, and McDaniel and Walker were in bed. They finally opened the door. Their clothes had mud on them and it looked like they had still slop on them. . . It was between a quarter and a half mile from the place where we first saw the men with the lantern. . . The still was warm and there were hot coals there. . . I don't swear that a run had been made there. The still was left in the furnace ready to run. When we first saw these men they were not over 50 feet from where we found the still. They were in the path coming toward us, but swerved off to the right." There was additional testimony by this witness as to the locality, the path leading to the defendant's house, etc. Testimony to the same effect was given by a deputy sheriff, who stated that he was with the sheriff when the still was discovered, that they found "the whole still there," and that "there were two barrels of beer sunk into the ground." The defendant, in his statement at the trial and by his witnesses, sought to establish an alibi. In rebuttal it was testified that a five-gallon oil can, with the top cut out, was found when the still was discovered, and that the top of the can was found at the defendant's house.

*W. L. Nix,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

BROYLES, C. J. The defendant was convicted of manufacturing whisky. The evidence failed to establish that any whisky had been made at the distillery in question, or that the beer found there by the arresting officers was intoxicating. The verdict, therefore, was unauthorized, and the overruling of the motion for a new trial was error. If the conviction had been for an attempt to manufacture whisky, another question would have been presented.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

---

## 15259. McDANIEL *v.* THE STATE.

A conviction of the manufacture of intoxicating liquor was not authorized by the evidence.

DECIDED APRIL 15, 1924.

Indictment for manufacture of liquor; from Gwinnett superior court—Judge Russell. December 1, 1923.

McDaniel and Walker were indicted and tried jointly, and the facts are reported in *Walker's* case, ante, 18.

*W. L. Nix,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.

BROYLES, C. J. · The defendant was convicted of manufacturing whisky. The evidence failed to establish that any whisky had been made at the distillery in question, or that the beer found there by the arresting officers was intoxicating. The verdict, therefore, was unauthorized, and the overruling of the motion for· a new trial was error. If the conviction had been for an attempt to manufacture whisky, another question would have been presented.

    *Judgment reversed.    Luke and Bloodworth, JJ., concur.*

---

15261.  NAIL, administratrix, *v.*  POPWELL.

Jurisdiction to pass an order to perfect service on the defendant was wanting at the third term after the filing of the suit, and the order then passed for that purpose was a nullity.

DECIDED APRIL 15, 1924.

Complaint; from city court of Jesup—Judge Clark. November 5, 1923.

*Conyers & Wilcox, Oscar Nail,* for plaintiff.

*Farr & Powell,* for defendant.

LUKE, J.    On November 18, 1922, the plaintiff filed in the city court of Jesup a suit on a promissory note, which lacked but three days of being barred by the statute of limitations. The terms of that court are quarterly, commencing on the fourth Mondays in January, April, July, and October. To the petition as filed the clerk duly annexed a process, returnable to the following January term, but inadvertently misplaced the papers and failed to docket the case and failed to hand a copy of the petition and process to the sheriff for service on the defendant. Relying upon the clerk and the sheriff to perform their respective official duties, neither the plaintiff nor her counsel made any inspection of the record or other investigation touching service of the petition and process until the July term, which was the third term of such suit. By an ex parte motion the plaintiff's counsel then obtained an order to perfect service on the defendant for the October term, 1923, declaring that to be the appearance term of the case. At the Oc-